## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

**DWS INTERNATIONAL, INC. d/b/a**
**MARBLE DIMENSIONS WORLDWIDE, INC.,**

                                                **Case No. 3:13-cv-092**

        **Plaintiff,**

                                                **Judge Thomas M. Rose**

**-v-**

**GEORGE WILLIAM JOB, et al.,**

        **Defendants.**

---

**ENTRY AND ORDER GRANTING MEIXIA CREATIONS' MOTION TO SET ASIDE DEFAULT ENTRY AND FOR LEAVE TO FILE AN ANSWER (Doc. #14); VACATING THE CLERK'S ENTRY OF DEFAULT REGARDING MEIXIA CREATIONS (Doc. #11) AND GIVING MEIXIA CREATIONS UNTIL NOT LATER THAN FIFTEEN (15) DAYS FOLLOWING ENTRY OF THIS ORDER TO FILE THE ANSWER THAT WAS ATTACHED TO ITS MOTION**

---

On March 27, 2010, Plaintiff DWS International, Inc. d/b/a Marble Dimensions Worldwide, Inc. "(MDW") filed its Complaint against Defendants George William Job ("Job"), Meixia International Ltd. ("Meixia International") and Meixia Creations Co. Ltd. ("Meixia Creations"). On that same day, Job accepted service of the Complaint on behalf of himself, Meixia International and Meixia Creations. (Docs. #4-6.)

Job and Meixia International answered the Complaint on April 18, 2013. (Docs. #7, 9.) Meixia Creations did not answer. Thus, on May 15, 2013, the Clerk of the United States District Court for the Southern District of Ohio entered default against Meixia Creations. (Doc. #11.)

On May 23, 2013, Meixia Creations moved the Court to set aside the default entry and sought leave to answer instanter. (Doc. #14.) This Motion is now fully briefed and ripe for decision.

"The Court may set aside an entry of default for good cause…." Fed. R. Civ. P. 55(c). Further, the decision of whether to set aside an entry of default lies within the discretion of the trial court. *United Coin Meter Co., Inc. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir. 1983). When exercising this discretion, the trial court is to consider three factors: (1) whether the default was wilful; (2) whether a set-aside would prejudice plaintiff and (3) whether the alleged defense is meritorious. *Id.*

### Was Meixia Creations' Default Wilful?

Where the party in default satisfies the other two elements to be considered and moves promptly to set aside the entry of default before a default judgment is entered, the motion to set aside should be granted "if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 195 (6th Cir. 1986). In this case, MDW argues that Meixia Creations is culpable and Meixia Creations argues that it is not.

MDW argues that Meixia Creations is culpable because it had a reckless disregard for the effect of its conduct on these judicial proceedings. Meixia Creations, according to MDW, had a reckless disregard for these proceedings because it waited months to file its answer[1] after receiving service, because it waited over a month after speaking to MDW about the issue and because it waited more than a week after the Clerk's Entry of Default was entered to seek set aside.

Meixia Creations argues that it is now appearing before this Court without properly being

---

[1]Meixia Creations' answer had not actually been filed although a proposed answer was attached to Meixia Creations' Motion To Set Aside filed on April 23, 2013. (Doc. #14, Ex. A.)

served and seeking the opportunity to answer and defend this matter on the merits. Meixia

Creations says that it was established in July of 2004 by Job as a subsidiary of Meixia

International. In January of 2013, Meixia International began the process of transferring its stock

ownership interest in Meixia Creations to Mr. Wu Bo. The transfer would result in Job no longer

being the president or a representative of Meixia Creations.

Job was served with a copy of the Complaint in this matter during a deposition being

taken on March 28, 2013. Job mistakenly testified on that day that he was president of Meixia

Creations.[2] Job had been in the United States for some time and was unaware that the transfer of

Meixia Creations to Mr. Bo had been finally approved by the Chinese government. Thus, at the

time Job was served, he was actually no longer the president of Meixia Creations.

The Clerk's Entry of Default was rendered on May 15, 2013. On May 21, 2013, Mr. Bo

engaged counsel to represent Meixia Creations in this matter. On May 23, 2013, this Motion To

Set Aside was filed.

Thus, assuming for purposes of this Motion, that Meixia Creations' assertions are true,

Meixia Creations' default was not wilful because Meixia Creations was not properly served. The

analysis proceeds with the second factor.

### Would a Set-Aside Prejudice MDW?

The second factor assesses whether MDW would be prejudiced if the Clerk's Entry of

Default of Meixia Creations was set aside. Accepting Meixia Creations' arguments as true, it

---

[2]The Parties argue about whether Job can be permitted to correct his deposition testimony. However, whether he can correct his deposition testimony is irrelevant to this determination. What is relevant is whether he could accept service on behalf of Meixia Creations at the time that he accepted service on its behalf.

was not a party to this case until filing the Motion To Set Aside. Further, no discovery has taken place, and no Preliminary Pretrial Conference has been scheduled.

MDW argues that it is prejudiced by Meixia Creations' "long delay" in answering its Complaint. Specifically, MDW argues that it will be prejudiced because it warned Meixia Creations that, if it did not file an answer or response, MDW would file a Motion for Default and Meixia Creations simply "waited it out" and did nothing until MDW expended its resources to file a Motion for Entry of Default. Now, MDW is expending more resources to respond to Meixia Creations' Motion To Set Aside. Additionally, according to MDW, the extra time that Meixia Creations took to seek the set-aside gave Meixia Creations and Job the opportunity to perpetrate fraud upon MDW and possibly finalize any transfer of Meixia Creations stock.

None of MDW's arguments have merit, particularly since it appears that MDW did not properly serve Meixia Creations. Thus, setting aside the Clerk's Entry of Default and permitting Meixia Creations to answer at this time will not prejudice any party.

## Is Meixia Creations' Alleged Defense Meritorious?

To establish a meritorious defense, the party in default must simply state a defense that is "good law." *United Coin*, 705 F.2d at 845. In this case, Meixia Creations' defenses are that it is a separate legal entity with its own corporate existence and that it was not the recipient of any fraudulent transfer. MDW responds that Meixia Creations has simply denied MDW's claims and has submitted no affidavit or other evidence setting forth facts to support this defense.

Whether or not Meixia Creations can support its defense is a matter to possibly be decided later in this case and not an argument for now. For now, Meixia Creations has presented a defense that is based upon good law.

-4-

**<u>Conclusion</u>**

All of the factors to be considered weigh in favor of setting the Clerk's Entry of Default against Meixia Creations aside. Therefore, Meixia Creations' Motion To Set Aside Default Entry and for Leave To File Answer Instanter (doc. #14) is GRANTED. The Clerk's Entry of Default regarding Meixia Creations (doc. #11) is vacated. Meixia Creations is given until not later than fifteen (15) days following entry of this order to file the proposed answer that was attached to its Motion.

**DONE** and **ORDERED** in Dayton, Ohio this Fifth Day of July, 2013.

**s/Thomas M. Rose**

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record